TayIiOU, Chief-Justice.
 

 I am of opinion, that judgment for the State was properly entered up on this special verdict. The indictment is framed on tiie act of 1798, c. 501, the second section of which, authorises the County Courts to grant licenses to keep ordinaries j and at their discretion, to withhold them from immoral persons, and those who are too poor to comply with the intent of the act. Persons obtaining licenses, are required to give bond, conditioned for providing good and wholesome diet and lodging for travellers, &c. By tiie fifth section, the justices are directed to rate, each year, the prices of liquor, diet, lodging, &c.
 
 to be taken
 
 by ordinary-keepers
 
 ;
 
 and
 
 the
 
 same section makes it the duty of the ordinary keeper to set up tiiose rates in the public room, under the penalty of twenty pounds. The Defendant violated the law, in selling for higher rates than those settled by the
 
 Court;
 
 but it is objected, that not having taken out a license, he is not an ordinary-keeper, and therefore not, indictable: butT think it would be against all principle-and authority, to allow this defence
 
 *455
 
 lo be available. The Defendant has held himself out to the world as an ordinary keeper: he has enjoyed more than the emoluments of one duly authorised, and has consequently assumed all the responsibilities'bf the character. To what end is the law made, if any man may set up a tavern without a license, and sell at rates established by himself ? He may be without character, and without credit, and contribute with impunity, to that de-pravation of the public morals, against which the law aims to provide. He may also impose upon the public under the colour of legal authority, and when called upon to answer for his conduct, shelter himself under his own double wrong of disobeying the law, and defrauding the revenue. I conceive that the Defendant has precluded himself in the way of estoppel, from denying the fact of his being an ordinary-keeper
 
 ;
 
 upon too same principle that, in an action against a clergyman for non-residence, the act of the Defendant as parson, and iiis receipts of the emoluments of the church, should be evidence against him that lié is parson, without requiring the Plaintiff to prove the Defendant’s title, according to the case of
 
 Berryman
 
 v.
 
 Wise,
 
 (4
 
 Term. Rep.
 
 306;) and the numerous cases' in the books tending to prove, that in the case of all peace officers, justices of the peace, constables,
 
 See.
 
 it is sufficient to prove that they acted in those characters, without producing their appointments—-(3
 
 Johns.
 
 431—6
 
 Binney,
 
 88—9
 
 Mass. R. 231
 
 —Leach.
 
 Cro. C.
 
 585.) It appears not less certain to me, that the Defendant is indictable under the act, for selling at higher rates than those established by the Court. The rule, well established on this subject is, that where a statute creates a new offence, by making unlawful what was lawful before, and appoints a particular remedy, that method, and that only, must be
 
 pursued
 
 —Cartle’s
 
 case, (Cro. Jac.
 
 643.) But when the offence was punishable at Common Law, and the statute prescribes a particular remedy, there the prosecutor may proceed, either at Common Law, or according to the statute, because the sanction is ciimula-
 
 *456
 
 tive. Accordingly, it has been held, that keeping an ale-hoiise without license, was not indictable, because it was no offence ,at Common Law, and the statute which majies ^ an offence, has made it punishable by committing the party for three?
 
 days
 
 —Stephens v. Watson, (1
 
 Salk.
 
 45.) That case affirms the principle, that if thp statute had not directed a particular mode of proceeding, an indictment would have lain
 
 ;
 
 for where a new created offence is prohibited by the general prohibitory clause of a statute, an indictment will lie—(1 Bur. 544.) Though the act of 1798, c. 501, imposes some penalties for the neglect of other duties, it imposes none for keeping am, ordinary without a license, or for selling at illegal rates
 
 ;
 
 and it appears evidently that such omission was the effect of design, when we look at the two former acts on the same subject, 1741, in
 
 Sioan’s Mevisal,
 
 and the act of October, 1799, in both of which, a penalty is imposed for selling provisions at higher rates than those settled by the Court. The first act imposes a penalty of ten shillings, and the last a penalty of fifty pounds. A comparison of the acts will shew, that the one of
 
 1779
 
 was before the Legislature of 1798
 
 \
 
 and I think the conclusion'follows that they omitted the penalty, in order that the proceeding by indictment should be alone pursued. In the language of Lord Mansfield, “ it is to be presumed that the Legislature
 
 then knew and considered,
 
 that disobedience to an order of sessions, was an offence'indictable at Common Law”—(2
 
 Burr.
 
 804.)
 

 ILtxx and Henderson, Judges, concurred.